JOHN L. KEATING, Plaintiff, *v.* ALBERT CAIRNS, Defendant.

Supreme Court, Erie Special Term, December, 1923.

Motor vehicles — negligence — collision of two automobiles at intersection of two streets — relative negligence of operators of both automobiles — when plaintiff will be deemed not to be guilty of contributory negligence.

When plaintiff, driving his car east on a street, running near the south curb, at eight miles an hour, was about ten feet west of the west curb of an intersecting street, he saw defendant driving his car south on the west side of the intersecting street, one hundred feet to the north, at twenty-five miles an hour. The pavement in each street was very icy. Plaintiff started to pick up speed to cross the intersecting street and when the front end of his car was even with the east curb of said street it was hit in the rear by the rear end of defendant's car that had skidded around. *Held,* that whether plaintiff was bound to see that defendant's car would so skid and the collision occur was a question of fact and the decision of the trial court that plaintiff was not guilty of contributory negligence cannot be disturbed.

Plaintiff had only twenty-three and one-half feet to go to cross the center line of the intersecting street, which would take him two seconds, while the defendant had a hundred feet to go to reach plaintiff's path, which would take him three seconds. *Held,* that such distances and the speed at which each was driving satisfactorily demonstrated that the act of plaintiff in covering the west half of the intersecting street in nowise contributed to the accident and the judgment in his favor will be affirmed.

APPEAL by defendant from judgment in favor of the plaintiff, rendered in the City Court of Buffalo.

*Harold G. Adams,* for appellant.

*Harry Harding,* for respondent.

BROWN, J. February 3, 1923, plaintiff, driving a Ford sedan automobile, east on Perry street, running near the south curb, going eight miles per hour, when about 10 feet west of the west curb line of Van Rensselaer street, an intersecting street, saw the

defendant driving a Ford runabout south on the west side of Van Rensselaer street, 100 feet north of him, the plaintiff, at the rate of twenty-five miles per hour. The pavement in each street was very icy. Plaintiff had $23\frac{1}{2}$ feet before reaching the center line of Van Rensselaer street; defendant had 100 feet before reaching the plaintiff. Two wheels of plaintiff's car were equipped with chains. He could have stopped before reaching the west curb line of Van Rensselaer street. Upon discovering the approach of defendant from his left and when defendant was about 100 feet away, plaintiff started to pick up his speed to cross Van Rensselaer street, and when the front end of his car was even with the east curb line of Van Rensselaer street it was hit in the rear by the rear end of defendant's car that had skidded around.

For the injuries to plaintiff occasioned by such collision, the plaintiff recovered the judgment appealed from. It is now asserted that plaintiff was guilty of contributory negligence in thus driving his car into the path of the defendant's car, as a matter of law.

It clearly appears that the plaintiff had crossed the center line of Van Rensselaer street before the collision. If the defendant had proceeded south on the west half of Van Rensselaer street on his right, there would have been no collision. While the plaintiff had the technical right of way, he could not ignore the rule of reasonable care and mutual forbearance. Having entirely covered the west half of Van Rensselaer street and yielded that portion of the intersecting street to the defendant, it would not seem as a matter of law that he could be held to have failed to exercise reasonable care in driving across the intersecting street in front of defendant. The plaintiff was justified in believing that the defendant would keep to the west half of Van Rensselaer street, that is, to defendant's right, and pass in the rear of plaintiff's car. The plaintiff had only $23\frac{1}{2}$ feet to go to cross the center line of Van Rensselaer street; going at eight miles an hour, would take him two seconds. The defendant had 100 feet to go to reach plaintiff's path; going at twenty-five miles an hour, would take him three seconds. Such distances and speed quite satisfactorily demonstrate that plaintiff's act in covering the west half of Van Rensselaer street in no wise contributed to the accident.

Whether plaintiff was bound to see that defendant would skid his car around to the east side of Van Rensselaer street and collide with plaintiff, presents quite clearly a question of fact. The decision of the trial court upon all the facts that the plaintiff was not guilty of contributory negligence cannot be disturbed.

Judgment affirmed.